### BYNUM AND SIMS *versus* SLEDGE.

Where a defendant's remedy is adequate at law, but at the time of trial such
remedy is not understood nor ascertained; the jurisdiction of equity is main-
tainable.

In this case, Alexander Sledge filed his bill in
Chancery, in Franklin Circuit Court, to enjoin a judg-
ment at law. Sledge had executed his note to Sims
for a cotton gin, which should have been made of steel
plates, of good quality. On trial, the gin proved de-

ficient.   Sims being informed of this, attempted to remedy the defects, but without success.   Sims had assigned the note to Bynum, and the latter had recovered a judgment upon it.   On the trial, as the bill alleged, the Court had instructed the jury, that if the gin was of any value to Sledge, the then defendant, the plaintiff was entitled to a verdict, as if no part of the consideration had failed.   On the hearing of the bill and answer, the injunction was perpetuated.

The plaintiff now assigned for error in the decree,

1st.   That the Court below erred in not dismissing the complainant's bill.

2d   That the Court erred in the final decree, perpetuating the injunction.

3d.   That the Court erred in not sending the case to a jury, to ascertain the value of the gin.

It appeared, that the defendant had defended the case at law, but was not permitted to shew the facts, on the ground that they would not defeat a recovery *in toto*, but only partially.

COLLIER, J.—From the bill, answer, and proofs, these facts may be gathered : that the defendant, in October, 1824, made his note to the plaintiff, Sims, for the sum of two hundred and fourteen dollars ; that the consideration therefor, was the purchase of a cotton gin by the defendant of Sims, which at the time of the sale he warranted to be of a very good quality, and that the saws were made of steel plate, and that if they were not, he would take it back and furnish one of the quality stipulated ; or would make it such. It further appears that the saws were not of such a quality as they were warranted to be, but were almost valueless, of which Sims had notice ; and attempted

to make them such as he promised they should be, but failed, and some time after, the gin was destroyed by fire.

Bynum in his answer, states, that he ascertained from the defendant, before he became the proprietor of the note, that no objection would be made to its payment, (but of this there is no proof); whereupon he became the assignee thereof, and recovered a judgment upon it. The defendant attempted to defend himself at law, by proving the foregoing facts, but was not permitted to shew them, on the ground that they would not defeat a recovery *in toto,* but only partially diminish it.

The decree perpetually enjoins the collection of the sum of eighty-five dollars, at the cost of the defendant; and in this, it is alleged, the Court below erred.

The agreement of Sims obliged him either to make the gin, which he furnished, such as he promised it should be, or else take it back, and furnish one corresponding with the contract. The obligation upon the defendant was to advise Sims of any defect in the gin, that he might either improve it, or place another in its stead. Sims, it appears, had notice of the deficiency, and attempted to remove it, in which he failed : the defendant was not obliiged to advise him that his attempt had proved abortive ; but it was incumbent upon him, at his peril, to observe the result of his efforts to improve it. It is immaterial whether Sims received notice directly from the defendant, for he recognised by his acts that he had such notice as he required.

It is true that the defendants' remedy was adequate at law ; yet it was not so understood at the time of the trial. The prevailing opinion both of the

bench and the bar was, that a defendant could not be heard to allege that the consideration of a contract had partially failed to an unliquidated amount. Upon the ground then, that the defence was not well ascertained at law, the jurisdiction of equity is clearly maintainable.—*Ludlow* vs. *Simond,*—*Livingston* vs. *Livingston,*[b]—*Ellis* vs. *Bibb,*[c] in this Court, at July term, 1829.

[a] 2 Caines' Cas. 1.
[b] 4 Johns. Ch. R. 287.
[c] 2 Stew. 63

If the answer of Bynum, so far as it states a promise on the part of the defendant, to pay him the note if he became the proprietor, was sustained by evidence, the defendant would have no equity as against him : but this statement is irresponsive to any allegation in the bill; and before it can avail any thing, should be proved.—(*Lucas* vs. *The Darien Bank,*[d] decided in this Court, January Term, 1830.)

[d] 2 Stewt. 280.

The decree is affirmed, with costs.

CRENSHAW, J.—I dissent, on the ground that this Court has decided that a partial failure of consideration is available at law, and that ignorance of law does not excuse a party.

LIPSCOMB, C. J.—and WHITE, J. not sitting.