## DOE EX DEM. McPHERSON vs. WALTERS.

1. If one, seized in fee of land, induces another to purchase it at execution sale, as the property of a third person, he is not estopped in a court of law from asserting his title against the purchaser. In such case a court of equity alone is competent to afford relief.

Error to the Circuit Court of Talladega. Tried before the Hon. Nathan Cook.

THIS was an action of ejectment by the plaintiff against the defendant in error to recover possession of the premises described in the declaration. The facts appear fully in the opinion of the court.

RICE & MORGAN, for plaintiff in error:

WHITE & PARSONS, for defendant.

When a man encourages another to settle upon and improve land and expend his labor and money upon it, he will not afterwards be permitted to take it from him, although he has an older and better title to it.—McElroy v. Truby, 4 Watts & S. 323; McCormick v. McMurtrie, 4 Watts, 195; Epley v. Witherord, 7 ib. 163; Carr v. Wallace, 7 ib. 394. In this last case it is said, "There is no principle of equity and public policy better settled than this, if one knowingly though passively suffers another to purchase and spend money on land under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person."—Hatch v. Kimball, 16 Maine Rep. 106; Marshall v. Pierce, 12 N. H. 136-7; Moore v. Child & Carlton, 6 ib. 521; Reid v. Heasly, 2 B. Munr. 254. So a man may be estopped by matter *in pais, which is not in writing.*— 4 Comyn's Dig., Estoppel, 200 (a 3.) So a man may be estopped by acceptance of rent.—Co. L. 352, a. (l.); ib. 352, a. (m.)

An estoppel, affecting the right of a party in real estate, may be affected by matter *in pais.*—Brown v. Wheeler, 17 Conn. 345; Shelton v. Alcox, 11 ib. 240; Martin et al. v. Ives, 17 S. & R. 364; Runlett v. Otis, 2 N. H. 167; Morris v. Rosser, 3

East. 15; Jackson v. Desling, 2 Caines, 198; 15 Johns. 497; Jackson v. Gager, 5 Cowen, 383; Robertson v. McMill, 12 Wend. 578; Jonus v. Boston Mill Cor., 6 Pick. 148; Emans v. Turnbull, 2 Johns. 313; 1 Phillips' Ev. C. & H. notes, 200, *et seq.*

DARGAN, C. J.—The plaintiff in error, being seized in fee, sold the land in controversy to one Bird, and gave bond to make titles on the payment of the purchase money, which was secured by the notes of the purchaser. One of these notes the plaintiff transfered by endorsement to the defendant Walters, who obtained judgment on it against the purchaser, who was in possession, and under the instructions of the plaintiff, had the execution levied on the land, and at his request purchased it for about one hundred dollars—the land being worth about six hundred. Afterwards the plaintiff paid the residue of the notes which he had endorsed, and filed a bill in equity against the purchaser, and had the land sold in payment of the purchase money, but the defendant was not a party to this bill. The plaintiff became the purchaser at the sale under the decree, and brings this suit to recover possession against the purchaser at sheriff's sale. Under this evidence, the court instructed the jury that the plaintiff was estopped from asserting his title against the defendant.

The plaintiff was seized in fee of the premises, and he has executed no deed by which he has transfered the title to another. This is admitted, but it is contended that the conduct of the plaintiff in directing the levy to be made on the land, as the property of Bird, the purchaser, who held his bond for title, and requesting the defendant to buy, estops him from asserting his legal title, more especially as the amount bid at the sheriff's sale by the defendant extinguished to that extent the liability of the plaintiff as the endorser of the note of Bird to him. If any one having the title to land induce another to purchase it from one who has no title, it is very certain that the legal owner cannot be permitted afterwards to assert his title and defeat the purchaser.—Sugden on Vendors, 262. But the question is, in what forum shall the purchaser defend himself? Can he defend at law, or must he resort to equity for protection?

If the defendant had been the purchaser from the plaintiff, had he paid the full price of the land under a promise that the plaintiff would forthwith make him titles—if this promise had been made with a fraudulent intent on the part of the plaintiff to obtain the purchase money and then to assert his legal title, yet the defendant could not defend himself at law against the legal title, and would be compelled to resort to a court of equity for protection. If a court of law could not protect the defendant in the case supposed, I do not see how it could, if the plaintiff, having the legal title, fraudulently induced the defendant to purchase at sheriff's sale, under an execution against one who had no title that could be sold. The title to land can pass only by deed, and an estoppel at law, which works a divestiture of title, can be created, in my opinion, only by as high evidence. I have looked with some care into the English cases, but I have not found one in which a plaintiff at law was held to be bound by a parol estoppel, when the subject matter was such that the title could pass only by deed.— If the title could pass by delivery or by parol, then a party shall be bound by a parol estoppel, and cannot be permitted, after he has induced a party to act upon a supposed state of facts, to show that these facts are untrue, to the prejudice of him who has acted on his representations.—Pickard v. Sears, 6 Adol. & Ellis, 459; Hearne v. Rogers, 9 B. & C. 577; Graves v. Key, 3 B. & Ald. 318. 23 Eng. Com. L. Rep. 79. In the case of Rowe v. Johnson, 19 Maine Rep. 141, it is said, "that no verbal agreement respecting land can create an estoppel at law, for the title to land can pass only by deed, and no man can be barred of his right to land by way of estoppel, unless by record or deed." In North Carolina, the title to slaves can only pass by instrument in writing; and in the case of Knight v. Wall, 2 Dev. & Battle, it was decided that title to slaves could not be made out at law by a parol estoppel, and if fraud had been practiced on the party, he must seek redress in equity, but that such fraud could not at law convey to him the legal title. The cases of Bolling v. Mayor &c. of Petersburg, 3 Rand. 563,—Heard v. Hall, 16 Pick. 460,—12 N. H. 127,— Hamlin v. Hamlin, 1 App. 141,—seem also to recognise the doctrine that the owner, at law, is not estopped from asserting his legal title to the land, by a fraud committed by him on the

defendant, and who, in consequence of the fraudulent acts of the plaintiff, has been induced to buy from one who had no title. I admit that cases may be found in the reports of some of the States of the Union, that seem to countenance a contrary doctrine. But when we reflect that a court of law can look only to the legal title, and that the legal title to land cannot pass by parol in this State, it is difficult to perceive how a plaintiff at law shall be estopped from asserting his title merely because of his fraudulent acts or conduct, which render it inequitable or unjust for him to assert it. If a court of law, because of such conduct or acts, should stop short and refuse to give effect to the legal title, would it not be on account of the equities of the defendant? Yet we know that a court of law will not look to *or consider* the equity of a party in opposition to the legal title of the other. The better course, in my opinion, is to pursue the well-settled rule of law, and to permit the legal title to prevail at law, regardless of the equity the opposite party may have, and leave him to enforce his equitable rights in a court of chancery, which has power not only to arrest or enjoin the suit at law, but also to decree a conveyance of the legal title to him who in equity is entitled to it.

The case of The City of Cincinnati v. White, I do not think is applicable. White had dedicated the land he sought to recover to the public use, and although this was done by parol, yet he could not be permitted to reclaim the land and deprive the public of the right confered on them by his act of dedication. This is owing to the character of the grantee, *the public,* who were intended to be benefitted by the act; but certainly a mere parol donation of land from one individual to another, let the consideration be what it will, can never divest the title of the donor, nor estop him at law from asserting it.

The remedy of the defendant is in equity: there the fraud, *if one has been committed,* can be made to act directly on the title, and the court can decree a conveyance of it, and thus unite the legal with the equitable title.

Let the judgment be reversed, and the cause remanded.

CHILTON, J., not sitting.