McCULLOUGH AND WIFE ET AL. vs. WALKER AND WIFE.

1. Under the statute laws of North Carolina, a parol gift of slaves is null and void.
2. When a party has a legal title and an unembarrassed legal remedy, chancery will not take jurisdiction.

ERROR to the Chancery Court of Tuskaloosa.

Tried before the Hon. W. W. Mason.

Walker and Wife filed their bill against the plaintiffs in error, setting forth that John B. Williams married Winifred, daughter of Samuel Hayes, in the State of North Carolina, about the year 1823; that said Hayes, before Williams left that State, put him in possession of a negro girl named Hannah, declaring that he did not give said girl to Williams, but placed her in his possession for the benefit of such children as his daughter, Winifred, should have. Immediately after this, Williams removed his wife and the slave to Alabama, where his wife gave birth to a daughter, now the wife of the complainant, Walker. Mrs. Williams shortly afterwards died, and Williams married a Miss Spencer, and died. His widow administered on his estate, sold the girl Hannah as the property of the estate, and became the purchaser herself. During her widowhood, the last Mrs. Williams (now Mrs. McCullough) sold the slave to one Windham, but kept possession of her. After this, she intermarried with the defendant, James McCullough, who took possession of Hannah and her increase, and still holds them. It is charged that the sale and purchase by Mrs. McCullough were fraudulent, as was also the sale to Windham; that they each purchased with a full knowledge of the condition of the title of the slave, and held as trustees for Mrs. Walker. The bill also sets up a deed of gift for Hannah and four children, who are named, made by Samuel Hayes to Mrs. Walker, bearing date 11th January, 1843, and the complainants set up title under this deed also.

The defendants answer jointly, denying all the material allegations in the bill, and insist that by the laws of North Ca-

rolina, to which they refer, the parol gift of the slave was null and void. They also demur.

It is not necessary, under the view taken of the case by the Court, to set out all the proof: it is sufficient to say, that two of the complainants' witnesses prove that Samuel Hayes loaned the girl Hannah to his daughter, Winifred, for life, and at her death, the slave was to go to her children. This was done in the State of North Carolina and by parol. The defendants offered in evidence the law of North Carolina, regulating gifts of slaves, which is in these words:

"Act of 1806, c. 701, §§ 1 and 3. No gift hereafter to be made of any slave shall be good or available, either in law or equity, unless the same shall be made in writing, signed by the donor, and attested by at least one credible witness subscribing; neither shall such gift be valid, unless the writing by which any slave is transferred, shall be proved or acknowledged as conveyances of land, and registered in the office of the public register of the county where the donee resides, within one year after the execution thereof, if the donee be in actual possession of the slave so given and transferred: but if under any special agreement made at the time of the gift, the donor shall remain in possession of the slave so given, then the writing transferring or conveying the said slave shall be proved or acknowledged as aforesaid, and registered within the same time, in the county where the donor resides: *Provided*, That where any person shall have put into the actual possession of his or her child or children, any slave, and the said slave shall remain in the possession of such child or children, at the time of the death of such person, he or she dying intestate, such slave shall be considered as an advancement to such child or children, and be regulated by the laws now in force relating to advancements made to children by a parent in his lifetime."

E. W. PECK, for plaintiff in error.
P. & J. L. MARTIN, *contra*.

LIGON, J.—The case made by the bill, answers, and proof, does not authorize the relief sought. It can be only regarded, so far as the first part of the bill is concerned, as an attempt to establish a parol gift of a slave, made in the State of North

Carolina, after the passage of the act of 1806, which, in express terms, declares such gifts null and void, both in law and equity. It is true, the bill does not set up that the slave was given absolutely to Mrs. Williams or her husband, but it describes the transaction in such terms as to show that Hayes, the donor, intended that the whole estate in the slave should pass out of himself, and is thus equivalent to an absolute gift.

The courts of North Carolina have repeatedly construed this act, and have declared parol gifts of slaves to be void, in much stronger cases in favor of their establishment than the one we are now considering. In the case of Bennett v. Flowers, (1 Dev. & Bat. 467) a father-in-law made a parol gift of slaves to his son-in-law, who, dying, bequeathed them to the donor's grand-children, with his consent, and by his directions; yet, under the act of 1806 above quoted, the Supreme Court of that State held, that the title was still in the father-in-law, and that he might resume the possession of the slave at any time. To the same effect is the case of Hamlin v. Alston, 1 Dev. & Battle, 479.

The deed of gift referred to in the bill, as made by Samuel Hayes to Mrs. Walker in 1843, does not strengthen the claim of the defendants in error to relief in equity. If that deed is operative for any purpose, it vests the entire legal estate in the slaves in Mrs. Walker, and she should have asserted her rights under it in a court of law, and not in equity, unless the bill contained other allegations than are found in this one. Baker v. Rowan, 2 S. & P. 361.

The demurrer having been overruled by the Chancellor, and his action in this respect not being assigned as error, we deem it unnecessary to consider that part of the case.

The decree of the Chancellor must be reversed, and the bill be here dismissed, without prejudice, the defendants in error paying the costs of this court, and the court of chancery.