DAVID *vs.* SHEPARD.

40  587
94  178

[BILL IN EQUITY TO ENFORCE EQUITABLE ESTOPPEL.]

1. *What constitutes equitable estoppel.*—If a party who is interested in an estate, and who has knowledge of his rights, misleads another into dealing with the estate, he will be postponed in equity to the party so mislead, and will be required to make good his representations, even to the extent of any claim or title he may have in or to the estate; and this, though the representations are verbal, and without consideration moving directly to him.

2. *Title of purchaser at sheriff's sale, as affected by adverse possession.*—Where the defendant in execution has the legal title, or a complete equitable title, the title passes by the sheriff's deed to the purchaser, notwithstanding the adverse possession of a third person at the time; but the purchaser can not, during the continuance of such adverse possession, convey his title by deed to another; yet, if the defendant in execution has the legal title at the time of the sale, and the adverse possessor induces a third person to buy from the purchaser at the sale, by verbally promising to waive his claims, and to surrender the possession, the adverse possessor can not set up against such subpurchaser, in an action at law, either his adverse possession, or any title which he then held, and which he acquired subsequent to the sheriff's sale, and from any other person than the purchaser at that sale.

3. *Alternative averments in bill.*—As the averments in a bill are to be construed most strongly against the plaintiff, alternative averments are insufficient, unless each alternative shows a good cause of action.

4. *Equitable relief on grounds of estoppel and fraud, where remedy at law is adequate.*—A bill which alleges that the plaintiff, while negotiating with a purchaser at sheriff's sale for a tract of land, on learning that the land was in the adverse possession of the defendant, broke off the negotiations, and declined to proceed further with the contract; that the defendant thereupon came to him, begged him to make the purchase, and verbally promised to surrender the possession immediately, and to waive all his title and claim of every sort, reserving only his statutory right of redemption; that, relying on this promise, plaintiff consummated the contract; that the defendant afterwards refused to surrender the possession, and asserted title in himself, and set up his adverse possession to defeat an action at law brought by plaintiff to recover the land; that the defendant in execution, at the time of the sheriff's sale, had either the legal title to the land, or a complete equitable title; but that all his title-deeds were in the defendant's possession, and therefore plaintiff could not show title at law,—

whether considered as seeking to enforce an estoppel, or as asking relief against fraud, is without equity, because it shows that the plaintiff has an adequate remedy at law.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. N. W. COOKE.

THE bill in this cause was filed on the 28th December, 1865, by Frank David, against Frederick B. Shepard. Its material allegations were the following : That on the 25th April, 1860, an attachment was issued out of the city court of Mobile, at the suit of the executors of James Perrine, deceased, against Charles B. Hopkinson ; and a branch attachment in that case came to the hands of the sheriff of Baldwin county on the 28th April, and was levied by him, on the 2d May, 1860, on a certain tract of land in said county. That on the 6th December, 1860, a judgment was rendered in said attachment suit, in favor of said executors ; and under an execution issued on said judgment, the said tract of land was sold by the sheriff, on the 3d June, 1861, and was purchased at the sheriff's sale by one Thomas Ellison, who received the sheriff's deed. On the 8th June, 1861, the complainant purchased said lands from said Ellison, and paid him the purchase-money in full, and obtained his deed for the lands ; which deed, together with the sheriff's deed to said Ellison, was duly recorded ; " and by virtue of said deeds and proceedings, complainant became entitled, legally and equitably, to all the right, title, and claim of said Hopkinson, in and to said lands." The original indebtedness, on which said attachment was sued out, was the debt of the defendant, F. B. Shepard, on which said Hopkinson was bound as endorser for him.

" For several years prior to said sale by the sheriff, said lands were in the possession of said Shepard, as the agent or lessee of said Hopkinson ; and at the time of the said sale he was supposed to be still so holding for said Hopkinson. While complainant was negotiating with said Ellison for said lands, without any knowledge of any claim thereto on the part of said Shepard, a note was placed in his hands from said Shepard setting up claim in himself; and he was also informed personally that said Shepard

David v. Shepard.

claimed actual title to said lands in himself.   On receiving this information, complainant immediately abandoned all idea of purchasing, and put an end to the negotiation. Shortly after this, said Shepard came to complainant, and stated, that he had consulted with his attorney since writing the said note, and had concluded (?) his objections, and permit complainant to purchase.   On complainant's expressing an unwillingness to have anything further to do with it, said Shepard insisted on his purchasing, and said, that he wanted to get out of the hands of the *set* who then held it; and that if complainant would buy it, he would give him immediate possession, and would waive all his title and claims of every sort to the land, retaining only the right to redeem according to the statute, and to remove his then growing crop.   Complainant finally agreed, that if said Shepard would go with him to his attorney, John Hall, esquire, and make such statements before him, he would buy the land.   Said Shepard and complainant then went together to said Hall's office, where said Shepard again repeated what is above stated; that is, that he admitted the sheriff's title, and would put up no claims or objections to it; that he would waive his rights, retaining only the right to remove his crop, and to redeem according to the statute, and within the time prescribed.   Relying entirely on the good faith and promise made by said Shepard, complainant agreed to buy, and did become the purchaser as above stated, and paid for the same in the bills of the Bank of Mobile, then specie-paying currency; all of which was done with the full knowledge and express assent of the said Shepard, and would not have been done if he had not entirely abandoned his claims, as above stated. Shortly after his said purchase, complainant sent an agent to take possession of a part of said land, when, to his great surprise, said Shepard prohibited his going on the land, and threatened to shoot and kill any one who offered to take possession for him; and he has forcibly kept complainant out of possession up to this time, alleging that he has a better title than complainant, and setting up the same claims before waived by him.

   " Complainant further shows, that said Hopkinson had a

legal title to said lands, or such is complainant's informa-
tion and belief; yet all the deeds and title-papers are in the
hands of said Shepard, or under his control, and, for this
reason, complainant is unable to produce them, or to show
a *claim* of title in an action at law. But, if complainant is
mistaken in this, and said Hopkinson had not a complete
legal title, then he insists that said Hopkinson had a com-
plete and perfect equity, which could be and was sold by
the sheriff to said Ellison, but which complainant is unable
to make out at law, owing, as aforesaid, to want of access
to the papers controlled by said Shepard. Complainant is
unable to ascertain what is the true character of the claims
held by said Shepard, as he refused to give complainant
any knowledge of them ; but, as complainant is informed,
he claims under said Hopkinson. Complainant further
says, that said Hopkinson and Shepard are brothers-in-law,
and that said Shepard has possession of the papers and
title-deeds to said lands ; that said Hopkinson resides in
Pennsylvania, and said Shepard in Alabama; that said
Shepard sometimes claims that he was in possession of said
lands, at the time of said sheriff's sale, under a written
agreement of purchase from said Hopkinson, and some-
times he claims that he holds absolute deeds from Hopkin-
son, and that, though these papers were not recorded, yet
his possession was notice to the world ; so that complain-
ant is unable to judge of the character and validity of the
numerous deeds, agreements, and other contrivances, that
have passed between said Shepard and Hopkinson, and
Shepard refuses to give him any information. But this
much complainant does know, that he never would have
bought the lands, or become involved in any controversy
whatever about them, had it not been on the solicitation of
said Shepard, and on his waiving all his claims, and agree-
ing that complainant should have the quiet and uninter-
rupted possession, as above stated. Said Shepard has not
redeemed said lands, nor has said Hopkinson. On the con-
trary, immediately after complainant had become the pur-
chaser, said Shepard disputed all his right and title, refused
to give him possession, and defied him ; and complainant is
therefore in danger of losing both his money and the land,

unless this honorable court interposes. Complainant commenced an action for said land, in the circuit court of Mobile, which is now pending; to which action the defendant pleaded, and denied all right of complainant; and he threatens to defeat said action, on the grounds above stated, and on the ground of adverse possession."

The prayer of the bill was, "that the said Shepard be forever enjoined from setting up any title in himself against complainant, or any outstanding title then existing; that complainant be placed in possession of said lands, and for other and further relief." •

The chancellor sustained a demurrer to the bill for want of equity, and dismissed the bill, "but without prejudice to the complainant's right to file another bill touching the same subject-matter, or to proceed at law for the recovery of the lands"; and his decree is now assigned as error. The chancellor's opinion, if any accompanied the decree, is not set out in the transcript.

DARGAN & TAYLOR, for appellant.—1. That the case made by the bill is not obnoxious to the statute of frauds, as the chancellor erroneously held, see 1 Story's Equity, § 330; Adams' Equity, 150; 24 Miss. 614; 19 Ala. 481; 22 Ala. 548; 18 Ala. 182; 16 Ala. 714; 34 Ala. 595; 36 Ala. 86, 589; 1 Spence's Equity, 550.

2. The bill is one for relief, and not merely for discovery. It does not distinctly appear whether the complainant, by his purchase from Ellison, acquired the legal title to the land, or only a perfect equitable title; but it does distinctly appear that he acquired either the one or the other. If he has the legal title, the bill shows that it is fraudulently withheld by the defendant, and the remedy at law thereby lost, or at least rendered doubtful; which gives the chancery court jurisdiction on the ground of fraud.—1 Story's Eq. § 254, and cases there cited. If only an equitable title passed by the sale, the right to equitable relief is beyond dispute, on the authority of *McPherson v. Walters*, 16 Ala. 714; and *Bean v. Welch*, 17 Ala. 772.

GEO. N. STEWART, and P. HAMILTON, *contra.*—The allega-

tions of the bill are vague, indefinite, uncertain, and contradictory; and the demurrer to it ought to have been sustained on that ground. If the sheriff's deed passed the legal title to the land, or a complete equitable title, the plaintiff's remedy at law is adequate and complete. If the defendant was in adverse possession of the land at the time of the sheriff's sale, and his adverse possession invalidated the plaintiff's purchase, a court of chancery cannot aid him. If he relies on the defendant's agreement as a waiver or extinguishment of his claim or interest, whatever it was, the statute of frauds is a complete answer to the bill.—Browne on Statute of Frauds, §§ 134, 267–8, 509; 1 Bro. C. C. 404; 16 Conn. 246; 4 Har. (Del.) 324; 2 Har. & G. 433; 2 Bro. C. C. 599. Considered in the light of a bill for discovery, it amounts only to a fishing bill.

BYRD, J.—If a person who is interested in an estate, with a knowledge of his rights, misleads another into dealing therewith, he will in equity be postponed to the party so mislead, and will be required to make his representations good, even to the extent of any claim or title he may have in the estate.—Adams' Equity, 373. And this, though the representations are by parol, and without any consideration moving to the person who makes them. They do not operate as a conveyance of the interest of the party making them, but by way of *estoppel*, to preclude him from setting up any claim or title in himself at the time, against the party he misleads; and this estoppel is not available in a court of law, but may be enforced in a court of equity. *Doe, ex dem. McPherson v. Walters*, 16 Ala. 714; *Smith v. Mundy*, 18 Ala. 182; *Stone v. Britton*, 22 Ala. 543; *Walker's Heirs v. Murphy*, 34 Ala. 591. A court of equity will also enjoin a party from setting up an unconscientious defense at law, or from interposing impediments to the just rights of the other party.—2 Story's Equity, § 903.

The appellant does not insist that his bill is one for discovery in aid of the suit at law; but he seeks to enjoin the appellee from setting up any defense at law against the right of appellant to recover the land in controversy. The bill alleges that Hopkinson had a legal title, or "*insists*"

that he had a perfect equity to the title to the land, when it was sold under execution and bought by Ellison. If so, Ellison acquired the *title*, though Shepard may have held adversely to Hopkinson at the time of the sale; but such a title could not have been conveyed by Ellison, while Shepard was in adverse possession.—*Coleman v. Hair*, 22 Ala. 598.

A bill which alleges the ground of action in the alternative, is insufficient, if one of the alternatives shows that the complainant is not entitled to the remedy sought, as the bill must be construed most strongly against the pleader; and we proceed, therefore, in the discussion of this cause, taking as true the averment in the bill that Hopkinson had the legal title at the time of the sale to Ellison.—*Andrews v. McCoy*, 8 Ala. 920.

If, before David bought of Ellison, Shepard induced David to buy as alleged in the bill, then the title which was in Ellison was transferred to David by the conveyance to him executed by Ellison, as against any *mere* adverse possession of Shepard; and the appellant was entitled, on the facts alleged in the bill, to sue in his own name, and recover the land, as against any title or *possession* which Shepard may then have held, if *the title* was acquired subsequent to the purchase of Ellison, and not from Ellison himself; but, as to *any* he may have acquired prior thereto, we express no opinion, as the question is not raised on the record.

The bill, it is true, alleges that Shepard *claimed title;* but that is not equivalent to an averment that he had title, when applied to land. Upon the allegations of the bill, the appellant has a clear and adequate remedy at law; although it alleges that all the title-deeds of Hopkinson to said land are in the hands of appellee, or under his control, and that, *for this reason*, appellant is unable to produce them, or show a claim of title in an action at law. Now, as this bill is not one for discovery, of what avail is this allegation to give jurisdiction? *Non constat*, but that he may be able to make proof of the contents of the deeds on the trial, upon notice to produce them.

The allegations of the bill being taken as true, the appel-

lant has a legal title to the land, and appellee has none which is available against appellant in the suit at law; and therefore there would be no remedy afforded, in enjoining a claim or title which can not avail the appellee in such suit; and a court of equity will not entertain jurisdiction, upon the allegations of the bill, to put appellant in possession of the land.

The bill, if it had been framed with a view to that object, could have been entertained as a bill for a discovery and production of title-deeds in aid of the suit at law. There being no equity in the bill, on which the court could have predicated the relief asked, in the special or general prayer, the chancellor properly sustained the demurrer thereto. Story's Eq. Pl. § 311; Code, § 2877; 34th Rule of Chan. Practice, 24 Ala. p. 8; *Bryant v. Peters*, 3 Ala. 160; *Horton v. Moseley*, 17 Ala. 794; *Perrine v. Carlisle*, 19 Ala. 686; 29 Ala. 337; *Andrews v. McCoy, supra;* 35 Ala. 70.

Let the decree be affirmed.

NOTE BY REPORTER.—After the delivery of the foregoing opinion, the appellant's counsel applied by petition for a re-hearing, and submitted written and printed arguments with their petition. The annexed brief contains only a summary of their points and authorities. On a subsequent day of the term, and in response to their application, the opinion following the brief was delivered.

DARGAN & TAYLOR, for appellant.—1. While the bill seeks relief on two distinct and independent grounds, each of which is sufficient to uphold it, fraud is at the foundation of each. In the first place, the defendant's fraudulent representations which induced the plaintiff to purchase, and which amount to an equitable estoppel, cannot be set up at law to affect the title to the land.—*McPherson v. Walters*, 16 Ala. 714; *Smith v. Mundy*, 18 Ala. 182; 22 Ala. 543; *Walker's Heirs v. Murphy*, 34 Ala. 595; *Bishop v. Blair*, 36 Ala. 86; *Gimon v. Davis*, 36 Ala. 589. This special equity, which is not cognizable at law at all, gives chancery jurisdiction of the whole case.—Adams' Equity, 150; 1 Story's Equity, § 134; 17 Ala. 773.

2. An independent ground of equity is the fraudulent suppression of the plaintiff's title-deeds and evidences of right; and on this ground alone, if there were no other, the court will take jurisdiction, compel the production of the deeds, deliver possession, and quiet the titles.—1 Story's Equity, § 254; 2 Ohio, N. S. 361; 4 Halsted, 127; 2 Ala. 572; 14 Ark. 345. If the deeds were all regularly recorded, and their contents could therefore be proved by secondary evidence, this would not take away the jurisdiction of equity on this ground.

3. If the jurisdiction of the courts of law, on the facts stated in the bill, were concurrent with that of the courts of chancery, that would not oust the jurisdiction of equity. To have that effect, the remedy at law must be neither doubtful, nor difficult, nor embarrassed, but clear, obvious, adequate, and complete.—2 Stewart, 420; 1 Stew. & P. 135; 20 Ala. 389; 21 Conn. 488; 24 Conn. 94; 17 Illinois, 112; 31 Miss. 706. If the plaintiff could recover at law, it would be by parol evidence; and when ejectment after ejectment had been brought, and his witnesses were all dead, he might be turned out of possession; and even if he were in possession, there would be a cloud over his title, which he could only remove by filing a bill in equity.

BYRD, J.—The appellant has made an application for a re-hearing, and furnished an argument in support thereof. The court is satisfied that the bill does not allege any fraud which gives a court of equity jurisdiction of the cause. It is not alleged that Shepard made the representations to appellant in bad faith, or with intent to defraud. The legal effect of the allegations presents the case of a party making representations, or a contract, binding on him, which he declines afterwards to make good or perform. In order for the court to take jurisdiction in such a case as this, *some* title or defense which would defeat the action at law must be distinctly and positively averred.—*Jones v. Cowles*, 26 Ala. 612; 18 Ala. 332; 26 Ala. 405.

The court carefully considered the allegations of the bill, in making up the opinion, and, in effect, passed upon the question of fraud, which is the *gravamen* of the argument

for a re-hearing. We have again given the question a thorough investigation, and we are satisfied with the result heretofore announced; and this application must, therefore, be overruled.