# CHARLES A. WALKER
## *v.*
## JULIUS SCHUM.

1. EVIDENCE — *master's deed — confirmation.* When a master's deed was offered in evidence by plaintiff, to be followed with the record and decree under which the sale was made, who at the time stated that he would not offer a decree of the court approving and confirming the sale, — *held,* that, if the sale was in conformity to the decree, it was admissible. The decree is the sentence of the law authoritatively announced, and when obeyed by the master, the legal effect and consequences contemplated by law are accomplished.

2. PRACTICE — *sale of mortgaged premises.* Prior to the adoption of the act of 1843, giving redemptions from sales of mortgaged premises, they were sold without redemption, or a strict foreclosure was had. By that act, however, a redemption was given on sales under a decree of foreclosure, as in cases of sales on executions at law. Under the statute the decree requires the master to give to the purchaser a certificate of purchase, and usually requires him to execute a deed if the property is not redeemed. It would be the better practice for the master to report the sale for approval to the next term of the court. But the defendant, by failing to have the sale set aside until the redemption expires and a deed is made, waives all technical objections, and can only resist the sale where he has suffered manifest injury by the manner in which the sale was made.

3. DECREE — *sale under.* When a deed recites a decree of one term, and the entry of the judge on his docket at a subsequent term requires it to be recorded as of the previous term, and the decree fails to show at what term it was enrolled and signed, it will be presumed that it was rendered as of the term at which it was recorded.

4. SALE — *under a decree — mortgagor's interest.* Where a decree required the master to sell all of the mortgagor's title and interest, and the master pro-

ceeded to and purported to sell the land, — *held,* that the sale was not a departure from the decree, and the mortgagor cannot complain that more was sold than he held.

APPEAL from the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was an action of ejectment brought by Charles A. Walker in the Macoupin Circuit Court, against Julius Schum, for the recovery of lot No. 8 in Miller's addition to Carlinville. The declaration claims the premises in fee. A plea of not guilty was filed.

At the December Term the cause was tried by the court and a jury. On the trial plaintiff read in evidence a bill in chancery, the decree and order of the court foreclosing the mortgage and ordering the sale of the premises. He proposed to read the master's deed for the premises, and proposed to follow it with evidence that defendant was in possession, under the mortgagor, but stated that he would not offer to prove that the master's sale was approved by the court. But the court refused to permit the deed to be read in evidence, and the jury found the issue for the defendant. Plaintiff entered a motion for a new trial, which was overruled, and judgment was rendered on the verdict. And the plaintiff brings the record to this court and seeks a reversal of the judgment.

Mr. C. A. WALKER *pro se* and Messrs. McCLERNAND, BROADWELL & SPRINGER, for the appellant.

Messrs. PALMER & HAY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

On the trial in the court below, plaintiff offered a master's deed, made under a decree and sale of the premises, on the foreclosure of a mortgage. He at the time offered the record and decree in the foreclosure suit, which was admitted upon the agreement that he would follow it up with other legitimate

evidence. When he offered the master's deed, he stated that he did not intend to offer an order of the court approving the sale and deed. Thereupon the court below excluded this evidence. This, then, presents the question whether a master's deed, in all cases, depends upon a report by him of its execution, and its approval by the court, under whose authority he acts.

Where the decree requires the master to make the sale, and, at the time, or subsequently, to execute a deed, he has no choice or discretion, — he must obey the order of the court as contained in the decree. He is the agent or instrument employed by the court to carry into effect the sentence of the law, and he must conform his acts to the requirements of the decree. And, inasmuch as the decree is the sentence of the law authoritatively announced, when obeyed the legal effect and consequences contemplated by the law are accomplished, and when such is the case the design of the law must be effectuated.

Until the adoption of the act of 1843, regulating the foreclosure of mortgages on real estate, the mortgaged premises were sold without redemption, or a strict foreclosure was had, as the justice or necessities of the case required. That act declares (R. S. 305, 524), that, in all cases where lands shall be sold, by virtue of a decree of a court of equity, to foreclose a mortgage, the same may be redeemed in like manner, as lands sold under executions on judgments at law. This enactment involved a change of practice. Before that time the sale was made in vacation, and reported to the next term of the court rendering the decree, and if approved, together with the master's deed, the sale was confirmed, the deed was then delivered to the purchaser, and the title vested in him. But, afterward, and as the practice now stands, the decree fixes the terms of the sale, and requires the master to give to the purchaser a certificate of purchase, entitling him to a deed at the end of fifteen months if not redeemed, and it usually requires him to execute a deed if the premises are not redeemed.

It would, no doubt, be the better practice for the master to report his acts under the decree at the next term of the court

after the sale, and then have it approved or set aside. But it is believed that this is not generally done, and the report is not made until after the deed is executed and delivered. And in fact it not unfrequently happens that such sales are never reported or confirmed. The opinion seems to prevail, that, when the redemption was given, the sale was in all of its parts assimilated to sales on executions at law ; that a report and approval were unnecessary, and that, by receiving the certificate, the purchaser only became a bidder, and that his bid might be rejected on the motion of the defendant in the decree if he showed cause ; and that he had a right to compel the master to report at any term after the sale was made. *Moore* v. *Titman*, 33 Ill. 358. The mere fact that the master has failed to report at the next term after the sale is not ground for setting aside such a sale.

The defendant, by failing to move to set aside the sale until after the redemption had expired, would be regarded as having waived all but material and substantial objections to the manner in which it was conducted. He has no right to lie by until the redemption has expired, and then to come in and have the bid rejected on account of formal or trivial objections. In this it is the same as in sales on executions at law.

In this case the decree required the master to execute a deed to the purchaser if the premises were not redeemed. Defendant in error was cognizant of the decree and its requirements. He must be presumed to have known of the sale, and the manner in which it was conducted, and, having delayed to move to set aside the sale and to reject the bid of the purchaser until the deed was rightfully made under the decree, we must conclude that he has waived all objections to the sale unless it be such departures from the requirements of the decree as are of the substance and calculated to wrongfully affect him. We then have no hesitation in saying that the deed was authorized to be made by the terms of the decree, and that it vested title in the purchaser, if the requirements of the decree were observed. And we see nothing to impeach the sale.

It is, however, insisted that the decree recited in the deed

was not rendered at the Special July Term, 1862, but was in fact rendered at the December Term, 1863. From the decree itself, or from the orders of the court, copied in the transcript of the record, we are unable to see certainly when the decree was rendered. The decree recites proceedings had at the July Term, and that is the last term referred to in the recitals; and it closes by requiring it to be recorded as of that term.

The clerk transcribes what he calls a docket entry, which, he says, was made in the case at the December Term, 1863. It is this : " January 9. Decree to be entered as of the July Special Term, 1862." But this is indefinite and uncertain. It does not state that the decree was rendered at the December Term, nor does it negative the fact, that it was rendered at the July Special Term. And the presumption would be, that the case was heard at the July Term, but the decree was not then signed or enrolled, or it might be that it was signed in vacation after that term, but had not been recorded, and the clerk may have entertained doubts as of what term it should be recorded; and this minute of the judge, on his docket, was designed as a memorandum from which the clerk was to enter up the decree *nunc pro tunc*. This would seem to be the most natural and reasonable presumption. Hence, when the decree was drawn, it required that it should be recorded and appear as of the term at which the case was tried.

Again, at the head of the decree and in the caption, appears the date of " January 9th, A. D. 1864." This does not correspond with any other entry found in the record, and is subsequent, in point of time, to the date of the entry, and but a short time prior to the sale. This date in the caption refers to no term of the court, and we must presume that it is a clerical misprision. The clerk seems to have been very negligent and even remiss in the entry of the orders of the court in this case, and hence the confusion that has been produced. But we must conclude, that the direction that the decree should be entered as of the July Special Term, determines that the hearing was then had, and the decree was afterward prepared, and entered of record. This being the case, the deed was not defective

from a misrecital of the decree, even if that could render a deed inoperative which was in other respects regular.

It is also insisted, that the decree only authorized the master to sell all of the right, title and interest, which the mortgagor had in the mortgaged premises, while he undertook to sell the land itself. We are not prepared to hold, that, when a debtor mortgages lands in fee, and his rights are foreclosed, he can be permitted to say, that the order requiring the sale of his interest in the land does not authorize the sale of the land. But, at any rate, we do not perceive that he has any right to object. If the master offered and sold the land in fee, we must conclude that it embraced his title, whatever it was. When the land was sold as his, and passed redemption, we are at a loss to perceive how he had any interest left in it. The whole certainly, must be equal to, and embrace the parts. Had the defendant, instead of the master, sold and conveyed the land, would any person have for a moment doubted, that he had conveyed all of his title, interest and right to the lands? And in principle where is the difference, when the sale was made by the master? But we do not regard this a material departure from the decree.

The record and the master's deed were proper and legitimate evidence, and the court below erred in rejecting them, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*