## THOMAS F. HARWOOD ET AL.
## v.
## EMMA C. COX.

*Mortgages—Foreclosure—Sale—Motion to Set Aside—Costs—Rights of Purchaser from Accepted Bidder—Writ of Error by One Not a Party.*

1.  A sale made under foreclosure proceedings may be set aside on motion made within a reasonable time, where it [appears that the purchaser has made no payment, that no duplicate of the certificate of purchase has been filed for record, that it is doubtful whether such certificate has been delivered to the purchaser except for examination, and that no report of the sale has been made to the court.

2.  One who has purchased from the accepted bidder at a master's sale before a duplicate of the certificate of purchase has been filed for record, and before the confirmation of the sale, can not object to the subsequent action of the court in approving or disapproving the sale.

3.  One who is not a party is not entitled to a writ of error to bring a cause before this court for review.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellants.

Emma C. Cox had no such interest in the premises as to give her a standing in court to make a motion to set aside the sale. Shaw v. Lindsey, 46 Ala. 290; Miller v. Carnol, 22 Ark. 274. She was, of course, a defendant, but had no present interest in the premises, only a contingent dower interest.

After the expiration of the time of redemption and deed made, and after conveyance of the premises to an innocent third person, the court had no power on mere motion to set aside the sale. Jenkins v. Merriweather, 109 Ill. 647; Meacham v. Sunderland, 10 Ill. App. 122.

Whatever form of proceedings might be instituted to set aside the sale, all parties in interest should be before the court. Roberts v. Clelland, 82 Ill. 540.

Harwood v. Cox.

In this case no question is or can be made as to the validity of the decree, and in such case, "upon principles of universal law, acts performed and rights acquired by third persons under the authority of the judgment or decree must be sustained." Gaudy v. Hall, 36 Ill. 315; Hobson v. Ewan, 62 Ill. 146; Fearin v. Fleming, 56 Ill. 457; Rorer on Judicial Sales, Secs. 564 and 576.

Messrs. WILLIAMS & CAPEN, for appellee.

The authorities all concur that judicial sales are sales by the court. It matters not to the contrary, that it is made through the instrumentality of a master, commissioner or other functionary appointed thereto by the court; it is not valid or binding, and confers no right to the property sought to be sold until confirmed by the court. By such confirmation it is judicially made the act of the court. Rorer on Judicial Sales, Secs. 1, 4, 5, 7, 8, 11, 29, and numerous cases cited; Bozza v. Rowe, 30 Ill. 198; Dills v. Jasper, 33 Ill. 262; Jones on Mortgages, Secs. 1608, 1637.

A Sheriff's sale under an execution is not a judicial sale. Rorer on Judicial Sales, Secs. 2, 9, 13, 16, 22, 26; Young v. Keogh, 11 Ill. 642.

Until the report of sale is confirmed by the court, the whole proceeding is *pendente lite*, and within its supervision and discretion. Rorer on Judicial Sales, Secs. 18, 25, 27, 28, 590, and authorities *supra*.

Mr. Whitbeck acquired his rights entirely dependent upon the confirmation of sale. Until that time everything was *in fieri* and merely interlocutory, and any deed under it and all subsequent transfers were liable to be defeated by the setting of it aside. Southern Bank of St. Louis v. Humphrey, 47 Ill. 227; Martin v. Gilmore, 72 Ill. 193.

It is the duty of a court to protect jealously all rights of a surety, one of which is, to have securities exhausted for his protection; and another is, when he pays a debt to be subrogated to the security. Hall v. Hoxsey, 84 Ill. 616; Phares v. Barbour, 49 Ill. 370; City National Bank v. Dudgeon, 65 Ill. 11; Kirkpatrick v. Howk, 80 Ill. 122; Rogers v. School Trustees, 46 Ill. 428; Beaver v. Hanker, 94 Ill. 175.

CONGER, P. J. This record presents an appeal from an order of the Circuit Court of McLean County, setting aside a master's sale under foreclosure proceedings.

There is also an attempt on the part of Whitbeck to present the same questions by writ of error. He, not being a party to the proceedings below, we think, is not entitled to such writ, and it will therefore be dismissed.

It appears that a decree of foreclosure had been rendered against Mrs. Cox and her husband upon three mortgages executed by them, providing for a sale by the master, and that the master should execute and deliver to the purchaser a certificate of purchase, file a duplicate thereof in the recorder's office, make a report of such sale, and, in case the premises were not redeemed according to law, execute a conveyance.

At the sale appellant, Thomas F. Harwood, who was one of the mortgagees and also one of the complainants in the foreclosure proceedings, became purchaser, and afterward his attorney, Mr. Lucas, came into possession of the certificate of purchase executed by the master, but whether it was delivered absolutely or only conditionally, is not entirely clear. After the expiration of fifteen months from the sale, Harwood presented his certificate to the successor of the master who made the sale, received a deed for the premises, and afterward conveyed them to Whitbeck.

The costs of the case were never paid to the master, no duplicate of the certificate of purchase was ever filed or recorded, and the master has never made any report of such sale to the court.

The time of redemption expired on the 2d day of August, 1886, and on the 6th day of November following, appellee entered her motion to set aside the sale, upon which motion the court entered the following decree:

"That Thomas F. Harwood had become, by purchase, the owner of that part of the decree in favor of the Massachusetts Mutual Life Insurance Company, but had the same assigned to W. S. Harwood, and also of that part of the decree in favor of Winslow, and that the attorney of Harwood directed the master to advertise and make the sale, subject to the decree

in favor of the insurance company, and solely under that part of the decree entered under the cross-bills in favor of Harwood and Winslow, and that the sale was so advertised and made by the master; that the sale was never reported to the court by the master nor any one else, for the reason no costs had been paid to him, and that he never filed the duplicate of purchase to be recorded; that nothing has ever been paid by the master on said sale, and that no appropriation has been made in any way of the purchase money by receipts in the decree, or in any other way; that at the sale said Harwood became the purchaser, but that he has never paid his said bid nor any part thereof, nor ever credited it on any part of the decree; that at the end of fifteen months from the said sale a certificate of purchase on said sale was presented to the successor in office of the master who made the sale, and a deed from him demanded, and that he made a deed in ignorance of all the facts, except what was shown on the face of the certificate of purchase; that the first time this court had cognizance of the matter was when the present master reported said deed for approval, and upon such presentation said Emma Cox opposed the approval of the report of the deed, and entered her motion to set aside the sale. The court finds that the said sale is not in accordance with the decree, but, on the contrary thereof, is in direct violation thereof, and is therefore null and void. It is therefore adjudged, considered and decreed by the court that the pretended sale and proceedings thereunder and in any way connected thereunto, and the said deed made by the said master, be set aside, vacated, canceled and held for naught."

We think the evidence contained in the record fully sustains the findings of the court below, and the question presented is whether, under such a state of facts, the court, on motion, was authorized to set aside the sale.

It is insisted by appellant that the case of Walker v. Schum, 42 Ill. 462, is authority for the proposition that in all cases, after the expiration of the time of redemption, and after deed made, and after conveyance of the premises to an innocent third person, the court has no power, on mere motion, to set aside the sale.

In that case, which was an action of ejectment, one of the deeds offered as evidence of title was a master's deed under foreclosure proceedings, and the only objection raised to its introduction was that the sale had never been reported, or confirmed by the court, and the Supreme Court say : "The mere fact that the master has failed to report at the next term after the sale, is not ground for setting aside such a sale."

We do not understand, however, that the Supreme Court by this opin'on, rendered in a collateral proceeding to the foreclosure, intended to overrule the doctrine so clearly announced in Garrett v. Moss, 20 Ill. 549, of the general powers of the chancellor to affirm or disaffirm, when good grounds appear for so doing, a sale made by the master under a decree, when the sale is reported. In that case the court say: "It is not to be doubted that the chancellor in this State, as elsewhere, has a large discretion, limited only by sound and equitable considerations, in the approval or disapproval of sales made by his master. The accepted bidder at a master's sale acquires no independent right to have his purchase completed, but is nothing more than a preferred bidder, who proposes for the purchase of the property, depending upon the sound, equitable discretion of the chancellor for a confirmation of the sale by his ministerial agent. Freeman v. Hunt, 3 Dana, 614; Campbell v. Johnson, 4 Dana, 186; Owen v. Owen, 5 Humph. 355. In determining this discretion a regard to the stability of judicial sales has necessarily a large influence. This policy has rejected here the practice of refusing the bidding on an offer of an advanced price. But a higher policy, that of maintaining the purity of decretal sales and of preserving the public confidence in their entire fairness, must prevail over the policy of giving stability to them. And when there has been fraud, accident, mistake or unfairness in the sale, the chancellor should not hesitate to withhold his approval of the sale, by his commissioner." To the same effect see Rorer on Judicial Sales, Sec. 1, 4 and 5 et seq.; Jones on Mort., Sec. 1608, 1637.

In the present case no duplicate of the certificate of purchase was ever filed for record, as required by the decree of sale and the express provision of Sec. 7 of Chap. 77, R. S.

The filing of the duplicate for record is to give notice to the defendants in the decree, and all others interested therein, of the sale and the date when the time for redemption expire, and we regard the compliance with the provisions of the statute as an important element in determining whether the sale shall be approved or not.

We hold that when a motion is made within a reasonab'e time, as it was in this case, to set aside the sale, and it appears to the chancellor that the purchaser has never paid anything upon the sale, that no duplicate of the certificate of purchase has been filed for record, and when it appears doubtful whether the certificate of purchase has ever been delivered to the purchaser, except for the mere purpose of examining into the amount of costs charged, and no report of the sale has ever been made to the court, it is clearly within the power of the chancellor upon motion to vacate and set aside the sale.

When Whitbeck purchased from Harwood he had constructive notice that no duplicate had been filed for record, and that the sale had never been confirmed by the court, and he was, therefore, in no condition to object to the court's approving or disapproving the sale as might be right and equitable. The decree of the Circuit Court will be affirmed.

*Decree affirmed.*