# United States Life Insurance Company v. Sophia J. Shattuck.

1. BILL OF EXCEPTIONS—*Extending the Time for Signing the Same a Judicial Act.*—Extending the time for signing a bill of exceptions is a judicial act, which can only be performed by the judge in term time, when sitting as a court.

2. COURT—*The Judge is Not.*—The judge is not the court, carrying the judicial function around with him wherever he goes. Courts are political agencies established under the constitution for governmental purposes, and, in contemplation of law, have a separate existence from the judges who preside over them.

3. COURTS—*Where to be Held.*—With some exceptions, specially pro-

vided for, the law requires the court to be held at the court house; when the judge goes, the court over which he presides ceases action, to be resumed only when he or another, qualified by law, again presides.

4. JUDICIAL ACTS—*Extending Time to Sign Bill of Exceptions Out of Court, Void.*—When the judge who presided at the trial of a cause in the Superior Court, while sitting in the Criminal Court, signed an order granting leave to extend the time for filing a bill of exceptions, *it was held* that such act was extra-judicial, and the bill of exceptions signed within the time so extended was stricken out.

**Memorandum.**—Motion to strike out bill of exceptions. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1894, and allowed. Judgment affirmed. Opinion filed January 28, 1895.

SETH F. CREWS, attorney for appellant.

WEIGLEY, BULKLEY & GRAY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The judgment for the appellee was entered March 17, 1894, and the appellant then prayed and was allowed, an appeal, "its bill of exceptions to be filed within sixty days of this date."

On the 15th day of May, the judge who presided at the trial of this cause was presiding in the Criminal Court of Cook County, in the Criminal Court building, which, as we judicially know, is upon the other side of the river, distant nearly half a mile from the court house of the county of Cook, in which the Superior Court is held. No contingency upon which the Superior Court might be held elsewhere, under Secs. 4 and 5 of "an act to revise the law in relation to Circuit Courts and the Superior Court of Cook County," approved February 16, 1874, had happened.

On that 15th day of May, the counsel of the appellant presented to that judge, at the Criminal Court, a paper as follows:

"STATE OF ILLINOIS, } ss.
COUNTY OF COOK,

In the Superior Court of Cook County, to the March term,
A. D. 1894.

SOPHIA J. SHATTUCK }
   vs.
U. S. LIFE INS. CO. }   Leave to extend time for filing bill
of exceptions in the above entitled cause, extended from
sixty days as granted, to eighty days, on motion of the
defendant's attorney."

Upon which paper that judge made this notation :
"Enter May 15, '94.                    J. B. P."
these letters being the initials of his name.

May 17th, that paper was presented to and filed by the
clerk of the Superior Court.

May 28th, an order entitled in the cause, was entered on
the record of the Superior Court, extending the time for
filing the bill of exceptions to June 15th. On the 13th
day of June, the judge, under such circumstances as may
fairly be held to amount to an acquiesence by the counsel
of the appellee in his act, signed the bill.

Here the appellee has moved to strike it out. Much of
the argument here is as to the power of the judge, when
presiding in the Criminal Court, and absent from the Supe-
rior Court, to do any act that would be effectual as an act
of the Superior Court.

In our view he had no such power. Extending the time
originally limited for filing a bill of exceptions is a judicial
act, which can only be performed by the judge in term time,
when sitting as a court (Hake v. Strube, 121 Ill. 321), and
before the time originally limited has expired. Hawes v.
People, 129 Ill. 123.

The judge is not the court, carrying the judicial function
around wherever he goes. Feltenstein v. Stein, 51 Ill. App.
426. It is not a personal characteristic, like the odor of
sanctity. "Courts are political agencies—mere legal en-
tities—established under the constitution for governmental
purposes, and in contemplation of law have a separate exist-
ence from the judges who preside over them; otherwise,

when the judge of a court dies, the court itself would cease. A judge, therefore, has no judicial power outside of the court in which he officiates. He is the tangible, living oracle of the court. He speaks and acts for it, and in law is its only accredited agent. When discharging the judicial function of his office, he is the court in concrete form, and in this sense he is often called the court, but strictly and technically speaking, the judge and the court are wholly distinct." Bowman v. Venice & Carondelet Ry., 102 Ill. 459.

With some exceptions specially provided for, the law requires that the court shall be held in the court house. Sec. 3 of the act cited.

The judge goes where he will, and the court over which he presides ceases action, to be resumed only when he or another, by law qualified, again presides. Wight v. Wallbaum, 39 Ill. 554; Meredith v. People, 84 Ill. 479.

The acquiescence of the counsel of the appellee—before referred to—is not sufficient to validate the bill. Hake v. Strubel, 121 Ill. 321.

All the matters relied upon by the appellant for a reversal of the judgment are such as can appear only by a bill of exceptions; the motion to strike it out is sustained, and the judgment affirmed.

MR. PRESIDING JUSTICE WATERMAN.

All that is so well said by Mr. Justice Gary as to the distinction between the judge and the court I acquiesce in. I concur in the order striking the bill of exceptions from the files, because it appears that the judge of the Superior Court not only made the order extending the time for the filing of a bill of exceptions at a time and place when and where he was not holding a branch of the Superior Court, but that such order was not communicated to and did not reach or appear upon any of the files or memoranda of the clerk of the Superior Court until after the time for the filing of such bill had expired; and so far as the record here presented shows such order has never been spread upon the records of the Superior Court.