## Leopold Schlesinger v. Benjamin Allen et al.

69    137
98   4636

1. SOLICITORS—*Duty of in Preparing Decrees.*—It is the duty of solicitors obtaining orders and decrees in chancery, to prepare them and see that they are recorded, and they who neglect this duty can not complain if it is left undone.

2. INJUNCTIONS—*Orders for Should Appear of Record.*—An order made by the Circuit Court for an injunction should appear by an entry thereof by the clerk upon the record of the court.

3. SAME —*Void Orders.*—An order for an injunction in a suit pending in the Circuit Court signed by a judge of said court between seven and eight P. M., at his private residence, after he had been, during the day, sitting as a judge in the Criminal Court and not in the Circuit Court, is void.

4. COURTS—*Powers of the Judge After Adjournment.*—After a court adjourns for the day, the judge carries no judicial powers with him from the court room. An order for an injunction, signed by him at his lodgings after such adjournment in term time, is void.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed March 8, 1897.

MORAN, KRAUS & MAYER, attorneys for appellant.

PADDOCK, WRIGHT & BILLINGS, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

By the record of this cause it appears that, on file in the Circuit Court, is a bill in chancery, in which the appellees are complainants and the appellant, with others, are defendants, which bill bears indorsements as follows:

"RECOMMENDATION OF MASTER.

CHICAGO, ILL., August 22, 1896.

I have examined the foregoing bill and am of the opinion, upon a consideration of its allegations and the law, that the complainants are entitled to the injunction prayed for. I therefore recommend the following order.

WM. FENIMORE COOPER,
Master.

ORDER OF INJUNCTION.

Let an injunction issue, as prayed for by the complainants, upon their giving the usual bond in the sum of $2,500, to be approved by the clerk of the court.

FRANK BAKER,
Judge Circuit Court, Cook County, Illinois."

Following the bill is an injunction bond, but it does not appear that any further order was entered by the clerk, or that in fact any writ of injunction issued.

Undoubtedly, an order made by the Circuit Court for an injunction, should appear by an entry thereof by the clerk upon the record of the court. Sec. 14, Ch. 25, R. S.

But loose practice by one party should not be to the prejudice of his adversary. Such an order on the bill—which is part of the record—must be treated as *prima facie* the act of the court, notwithstanding the fact that the clerk has not written up the formal order upon the record.

The rights of parties are to be protected, however remiss the clerk. Walker v. Schum, 42 Ill. 462.

It is the duty of solicitors obtaining orders and decrees in chancery to prepare them and see that they are recorded. Schneider v. Seibert, 50 Ill. 284.

They who neglect that duty may not complain that they have left undone those things which they ought to have done. Stevens v. Coffeen, 39 Ill. 148.

We have heretofore treated orders so shown as appealable. Mexican Asphalt Co. v. Mexican Asphalt Paving Co., 61 Ill. App. 354; Board of Education v. Frank, 64 Ill. App. 367. In this record, however, it affirmatively appears by a certificate of evidence, that there never was any action of the court upon the application for an injunction—that the order was signed by the judge between 7 and 8 P. M., at his private residence, and that he had been, during the day, sitting as a judge in the Criminal Court and not in the Circuit Court.

It appears in Blair v. Reading, 99 Ill. 600, that the delusion that a court ambulates with a judge, has not been confined to this county. U. S. Life Ins. Co. v. Shattuck, 57 Ill. App. 382, 159 Ill. 610.

Judges do have, by statutes, certain powers conferred upon them to be exercised in vacation; such as granting injunctions and issuing writs of habeas corpus, but if any statute confers upon a judge any judicial authority in term time, other than such as results from the fact that he is at the head of the court, and then only while he is there at the head, such statute has escaped my notice.

It would seem to follow that the injunction in this case is void, and, as we understand the appellees' brief, it is their position that therefore an appeal does not lie.

It would not have been safe for the appellant to have disregarded the injunction, trusting to that understanding of the law by the counsel of the appellees and the Circuit Court, on a proceeding for contempt. The more doubtful the power, perhaps the greater the contempt in defying it. Here was the order, signed by the judge whose authority the clerk would hardly question, and constituting a part of the record.

*Prima facie*, it lacked putting into form by the solicitor and recording by the clerk. But if Walker v. Schum, 42 Ill. 462, is to be followed, as the record stood, it was an order of the court. Now—for matter extrinsic—it is shown to be void.

In such cases what the record shows as valid, may be reversed on appeal. Cook v. Remick, 19 Ill. 598, and cases there cited.

The order directing an injunction is reversed, and the cause remanded with directions to the Circuit Court to enter an order vacating the original order, and whatever may have been done under it.

Reversed and remanded with directions.

MR. JUSTICE GARY, on petition for rehearing.

This petition, as we understand it, is based upon three grounds:

First, that the order appealed from was, contrary to our decision, an order of the Circuit Court, as a court.

Second, that if not an order of the court, it was the order of the judge "in vacation."

Third, that if not an order of the court, we have nothing to do with it.

In the opinion filed, it was assumed that a reference to 57 Ill. App. 382, where was quoted from 102 Ill., the words, " A judge, therefore, has no judicial power outside of the court in which he officiates," was enough of authority upon that point. But there is more. In Ling v. King, 91 Ill.

57, treating of a judgment by confession entered by the clerk in vacation, it is said: "If the entry of a judgment order is a judicial function, none but a judge could exercise it, and only in term time. A judge has no power, as an individual, to make orders, decrees and judgments, but that can be done only when he is acting as a court."

In Rafferty v. People, 72 Ill. 37, it is written: "It has been held by a court of the highest respectability that, when the court adjourns, the judge carries no powers with him to his lodgings, and has no more authority over the jury than any other person, and any direction to them from him, either verbal or in writing, is improper. Sargent v. Roberts et al., 1 Pickering, 337. This is doubtless sound and judicious doctrine."

He "carries no powers with him to his lodgings," nor to his dinner table, nor to his stables.

But the petition says, "that to a very large extent, for over half a century, it has been the practice of the Circuit Court judges to grant writs of injunction during the period of their statutory terms out of court, in chambers, at their private residences, and in other places out of court, and to indorse such order upon the bill itself, as was done in this case."

A similar practice, followed by the judge who wrote the opinion deciding that it was erroneous, had prevailed in Massachusetts, as may be seen by reference to 1 Pick. 337.

We that be judges are prone to emulate, in one particular, the example of St. Paul, Romans 11, 13.

Ling v. King, *supra*, is cited with approval in Conkling v. Ridgely, 112 Ill. 36, which last case disposes of the suggestion in this petition, that over night is vacation.

The original opinion, by citing cases shows that what is on the record of a court as a judgment may be reversed on error, because the court of review will take notice of the law which makes it void. Is there less reason for reversing what is, by record *prima facie* an order of the Circuit Court, when, by extrinsic facts brought into the record, it is shown to be void?

The petition is denied.