### Paul Merkel v. William Schmidt Baking Co.

1. APPEAL—*From an Order Granting an Injunction.*—No appeal lies from an order granting an injunction, except by virtue of the statute.

2. SAME—*Order for, to Appear in the Record.*—The record should show some order of the court as the basis for an appeal.

**Bill,** for an injunction. Appeal from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding. Heard in this court at the October term, 1897. Appeal dismissed. Opinion filed December 16, 1897.

MAX ROBINSON, attorney for appellant.

WM. M. JOHNSON, attorney for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

A bill was filed by appellee in the Superior Court of Cook

County, by which it was prayed that an injunction, to be directed to appellant, restraining him from soliciting the trade of divers of customers of appellee who comprise Bowmanville route, and from making sales of bakery goods or breadstuffs, or soliciting trade of any person in any territory known as Bowmanville route, issue. Indorsed on the bill appears the following:

"I hereby recommend that a writ of injunction issue in accordance with the prayer of the within bill of complaint, without notice, upon complainant filing bond in the penal sum of one thousand dollars with sureties to be approved by the clerk. Dated September 9, 1897.

HIRAM BARBER,
Master in Chancery.

Underneath which appears also the following: "H. M. Shepard, Judge.    September 10, 1897."

The abstract shows there was an injunction bond signed by complainant, with surety in the sum of $1,000, approved by the clerk, and an appeal bond by appellant from "interlocutory order of injunction," approved by the clerk of the Superior Court on September 30, 1897. The abstract shows no further recitals of these bonds.

There does not appear from the abstract or from the record, to have been any order of the court that an injunction issue, or that in fact, a writ of injunction was issued, except as may be inferred from the recommendation of the master in chancery, and of the judge above set forth, and the fact that the court refused on motion of appellant, to dissolve "the injunction heretofore granted;" and also that the court allowed an amendment to the bill "without prejudice to the injunction granted in this cause;" that on the 18th day of October, 1897, an application of the complainant for a rule upon the defendant in said cause, to show why he should not be attached for contempt in violating "the injunction issued" was referred to a master in chancery; and that afterward, on the same day, the court examined the surety upon the injunction bond as to its sufficiency, and approved said bond as to its form and sufficiency "without prejudice to the injunction issued herein."

Merkel v. William Schmidt Baking Co.

In the record the clerk has given a certified copy of the injunction bond, which recites, among other things, that a bill had been filed by appellee against appellant, praying "an injunction to restrain the above named defendant from soliciting trade in bakery goods or breadstuffs of any person or persons included in the territory known to the parties hereto as the Bowmanville route, in the county of Cook," and that the court had "allowed an injunction for that purpose, according to the prayer of said bill," upon said appellee giving bond and security as provided by law.

Said clerk also certified a copy of a certain appeal bond given by appellant, which recites, among other things, that said appellee did on the 10th day of September, 1897, in the Superior Court of Cook County, "on an interlocutory order obtain an injunction against said defendant, Paul Merkel, restraining him from soliciting the trade of divers of customers of the William Schmidt Baking Company, the complainant, who comprise the Bowmanville route, and from making sales of bakery goods or breadstuffs, or soliciting the trade of any person included in the territory known as Bowmanville route."

There is no certificate of the clerk of the Superior Court in the record, that the transcript filed in this court is complete, and for aught that we can tell there may never have been an injuction order, or may be an injunction order and writ, which may or may not be the same as recited in the injunction bond or the appeal bond, as each bond recites a different order.

As the record contains neither order nor writ of injunction, we are at a loss to tell what, if any, order was made or writ of injunction issued by the Superior Court.

In this class of cases appeals are, by the statute, allowed from an interlocutory order or decree entered in any suit pending in any court of this State, granting an injunction, etc., to this court. No appeal lies from an order granting an injunction, except by virtue of the statute.

The record should show some order of the court as the basis for an appeal.

In absence of an order for injunction in the record we feel constrained to dismiss the appeal in this case, of the court's own motion, which is done accordingly. Appeal dismissed.