### Lucius G. Thompson v. Charles E. Vernay.

1.    BILL IN CHANCERY—*Will Not Lie When Replevin is a Sufficient
Remedy.*—A bill in chancery will be dismissed where replevin is the
proper form of action to redress the alleged wrong.

**Bill in Chancery,** to recover possession of personal property.    Appeal
from the Circuit Court of Marshall County; the Hon. LESLIE D. PUTER-
BAUGH, Judge presiding.    Heard in this court at the October term, 1902.
Affirmed.    Opinion filed January 27, 1903.

POTTER & POTTER and WINSLOW EVANS, attorneys for
appellant.

BARNES & MAGOON, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of
the court.

The appellant filed a bill in chancery in the Circuit Court
of Marshall County to obtain possession of a colt from
appellee.    The court sustained a demurrer to the bill after it
was several times amended.    The complainant electing to
abide by his bill as amended, the court dismissed the
same for want of equity upon its face, and the complainant
appealed.

The bill alleges that appellant was the owner of the colt;
that a demand for possession was made upon appellee prior
to the filing of the bill; that appellee refused to surrender
possession and that he wrongfully withholds possession of
the colt from appellant.

The statute provides that replevin will lie to recover the possession of personal property when the same is wrongfully detained from the owner or person entitled to possession. We see no reason, under the allegations of the bill, why replevin is not the proper form of action to redress the alleged wrong. If, however, for any reason unforeseen by us, an action of replevin would not lie, it is manifest an action at law might be brought to recover the value of the colt. No sufficient reason is alleged in the bill or its amendments, why appellant may not be fully compensated in money for any damages he may sustain by reason of the failure of appellee to deliver the colt to him. As there is an adequate remedy at law, the demurrer was properly sustained. The decree of the Circuit Court dismissing the bill for want of equity upon its face will be affirmed.