### William V. Smith et al. v. Charles A. Nelson.

#### Gen. No. 13,133.

1. APPEAL—*what sufficient order to sustain, from granting of preliminary injunction.* An appeal may be taken from the granting of a preliminary injunction where the issuance of the writ is predicated solely upon a memorandum order indorsed upon the bill.

2. INJUNCTION—*when issuance of, illegal.* The issuance of a writ of injunction is irregular and improper where it is predicated solely upon a memorandum order indorsed upon the bill. A preliminary order entered of record is essential to a regular and valid issuance of the writ of injunction.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed. Opinion filed January 15, 1907.

**Statement by the Court.** This is an appeal from an interlocutory order granting an injunction. The writ restrained appellants and others from prosecuting a suit brought before a justice of the peace in Cook county having his office in the town of Lyons. In that suit an employer of appellee was served with a *subpoena duces tecum* commanding the production of the

employer's books of account, pay roll and the like,
before the justice. The bill sets forth that it was one
of several suits alleged to have been brought for the
purpose of harassing the complainant and to cause
him to be discharged from his employment, appell-
lants having already, it is stated, caused appellee's
discharge by a previous employer who had been an-
noyed in like manner. The injunction issued on the
first day of the June term, 1906.

CHARLES R. NAPIER, for appellants.

JOSEPH W. LATIMER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opin-
ion of the court.

It is urged in behalf of appellants that the record
fails to disclose any order of injunction entered of
record by the Circuit Court, and that to be effective
such order must so appear. The record recites that
"there was indorsed upon said bill of complaint the
following order by the Honorable Julian W. Mack,
one of the judges of this court, which said order so
indorsed upon said bill of complaint is in words and
figures following, to-wit, 'let inj. issue as prayed
without bond.'" The writ of injunction thereupon
issued, but without authority of any other or further
order of record. In Schlesinger v. Allen, 69 Ill. App.
137, a like question was considered. There it did not
appear "that in fact any writ of injunction issued."
In the case at bar the record contains such writ. In
neither case was there any formal order of court di-
recting the issue of the injunction. In the Schlesin-
ger case it was said that "an order on the bill—which
is part of the record—must be treated *prima facie* as
the act of the court, notwithstanding the fact that the
clerk has not written up the formal order upon the
record." Such an order so indorsed shows doubtless
that the judge directed the issue of a writ of injunc-

Smith v. Nelson.

tion. As said in Board of Education v. Frank, 64 Ill. App. 367-375 (opinion of Mr. Justice Waterman), "a court of record speaks only by its record; that is, to determine what it has done recourse must be had to its record." The order in question so indorsed by the judge upon the bill of complaint may properly be deemed an order of record, for it is as much a part of the record as the bill itself, but it does not thereby necessarily become an order of the court.

It is said in behalf of appellee that "if the record fails to disclose any order of injunction entered of record in the Circuit Court," the appeal should be dismissed. The statute provides that "whenever an interlocutory order or decree is entered in any suit pending in any court in this State granting an injunction * * * an appeal may be taken from such interlocutory order or decree to the Appellate Court." (R. S., chap. 23, sec. 52.) If the order indorsed by the chancellor upon the bill can be considered as "entered" within the meaning of the statute, then it is appealable. If not so "entered," the appeal should be dismissed. Orders similarly indorsed have been treated heretofore in this court as appealable. Mexican Asphalt Co. v. Mexican Asphalt Paving Co., 61 Ill. App. 354-356; Board of Education v. Frank, 64 Ill. App. 373-374; Williams v. Harper, 127 Ill. App. 619. On the other hand, in Merkel v. William Schmidt Baking Co., 72 Ill. App. 239-241, where "the record contained neither order nor writ of injunction," there was no certificate of the clerk that the transcript filed was complete, and it could not be determined therefrom whether there ever had been an injunction order. It was said that inasmuch as no appeal lies from an order granting an injunction except by virtue of the statute, "the record should show some order of the court as the basis for an appeal," and in the absence of an order for an injunction in the record, the appeal was dismissed of the court's own motion. In the case at bar, we are of

opinion that the record does not show an order "entered" within the meaning of the language of the statute providing for appeals from interlocutory orders granting injunctions. It was, we think, the intention of the legislature to provide for appeals from any such interlocutory orders, however made, whenever they shall be "entered in any suit pending" and appear of record as in this case, even though not formally entered by the clerk as orders of court. To construe the statute otherwise would, we think, do violence to its manifest intent and would permit a complainant to have the benefit of an injunction which, though unlawfully issued, might not be safely disregarded by a defendant taking the chances of a proceeding for contempt. A mere dismissal of an appeal on the ground that the writ was void *ab initio* would be an unsatisfactory conclusion as the result of the expense to which a defendant had been put by the erroneous order. In the Schlesinger case, *supra,* it affirmatively appeared that there was never any action by the court upon the application for an injunction, but the order was merely signed by the judge. It was held to be void, but appealable nevertheless. We are of opinion the interlocutory order entered by the judge in this case granting the injunction complained of was appealable in the same way and to the same extent as if it had been an order of the court duly entered of record.

The writ was not, however, lawfully issued. The statute provides that "the Circuit Courts in term time, and any judge thereof in vacation shall have power to grant wirts of injunction." R. S., chap. 69, sec. 1. The record in the case before us shows that the writ of injunction was granted by the judge in term time. It could be lawfully granted at that time only by order of court, not by the judge as it might have been in vacation. It does not appear whether the order indorsed upon the bill by the judge was intended as an order of court to be regularly entered

of record by the clerk or not. It probably was so intended. But it never was so entered, and the writ complained of was neither a writ of injunction granted by the court in term time nor a writ granted by a judge in vacation. Its issue was, therefore, erroneous.

This conclusion makes it unnecessary to consider other questions presented in the briefs. The interlocutory order appealed from will be reversed.

*Reversed.*