John Meredith, Appellee, v. Aurora, Elgin & Chicago Railroad Company, Appellant.

Gen. No. 5,052.

1. TRANSCRIPT OF RECORD—*what not competent to support or contradict.* Affidavits will not be received in the Appellate Court either to contradict or to support a record certified from the court below.

2. APPEALS AND ERRORS—*what injunctional order supportive of appeal.* An order for an injunction indorsed by the judge upon the bill, made in term time, is appealable, notwithstanding the failure or delay of the clerk to make entry thereof into the regular book for the entry of such orders.

3. INJUNCTIONS—*what not essential to right of appeal from temporary injunctional order.* A motion to dissolve made in the lower court is not essential to the right to appeal from an order granting an injunction.

4. INJUNCTIONS—*when remedy at law exists.* An injunction should not be awarded when an adequate remedy at law exists, as, for instance, when the relief sought is in effect the trial of the right to personal property.

Bill in equity. Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the April term, 1908. Reversed. Opinion filed August 10, 1908.

HOPKINS, PEFFERS & HOPKINS, for appellant.

A. C. LITTLE and MURPHY & ALSCHULER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On April 8, 1908, appellee filed a bill in equity

476    Appellate Courts of Illinois.

Meredith v. Aurora, Elgin & Chicago R. R. Co., 142 App. 475.

against Rittenhouse & Embree Company, the Aurora, Elgin & Chicago Railway Company, and the Illinois & Fox River Central Railway Company, and upon said bill, without notice, had an order for an injunction, and an injunction against appellant, restraining it from removing, using, selling, encumbering, etc., certain railroad iron or steel, consisting of ties, rails, spikes and fishplates. On May 7, 1908, appellant filed with the clerk of said court a bond for an appeal from said injunction order, which bond was approved by the clerk of the court. A transcript of the record was filed in this court while our April term was still in session. Appellee appeared and moved to dismiss the appeal. That motion was taken with the case. The case was submitted upon briefs filed by each party and was taken at that term. Section 123 of the Practice Act of 1907 allows such an appeal from an order granting an injunction, and requires this court to docket the case at once and to give it precedence over other cases in this court.

The motion by appellee to dismiss the appeal is based upon the alleged fact that the order granting the injunction was not an order of the court, but an order of the judge, and it is claimed that no appeal lies from such an order. The original transcript filed herein and certified by the clerk to be "a true, correct and complete transcript of the record in said court," etc., recites that on April 8, 1908, "one of the days of the March A. D. 1908 term of said court, the following among other proceedings were had and entered of record in said court," and then sets out the order for an injunction. Appellee obtained leave to file an amended record certified in the same manner by the clerk of the court, which shows such order for an injunction indorsed upon the bill of complaint, and does not show any other order for the injunction. Appellee also filed, in support of its motion to dismiss, the affidavit of the clerk of the court below to

Second District—August, 1908.    477

Meredith v. Aurora, Elgin & Chicago R. R. Co., 142 App. 475.

the effect that said order was attached to the bill of complaint, and that when said clerk filed said bill he copied said order into a minute book kept by him, "which minute book was not a book of judgments, orders or decrees, either interlocutory or final, of said city court," and that he so copied said order so that he would have a record of the same in case the bill of complaint was lost or mislaid; that neither the judge of the court nor the court itself ordered him to make said copy in said minute book, and that the order which he inserted in the original transcript he took from said minute book, and that there was no other order for said injunction. Appellant thereupon filed an additional record, showing an order of said court in 1892, establishing the terms of said city court and fixing the fourth Monday of March for the first day of the March term thereof. Appellant also filed a certified copy of entries in the judge's docket of said court, showing that in said court at said March term, 1908, the trial of a certain cause by jury began on April 8, and continued on April 9, 10, 11 and 13. Accompanying this was the affidavit of said clerk showing that, on each of said days, court was in open session and hearing said jury cause from 10 A. M. to about 4:30 o'clock P. M. Affidavits cannot be received in this court either to contradict or support the record certified to us from the court below. Each party has resorted to such affidavits, but we fail to see that the affidavits materially change the situation disclosed by the several certified records filed here. It does not lie with the clerk to say that a minute book kept by him in his office, in which he records orders of court and from which he transcribes such orders into a record certified by him to be true, correct and complete, is not a book of judgments, orders and decrees of said city court, and that he kept such minute book merely for his own convenience. The cases relied upon by appellee were where a judge made an order in vaca-

tion, granting an injunction, and it was held that the statute did not authorize an appeal from an order made by a judge in vacation. This order was made in term time and should have been entered by the clerk upon the record of the court. The statute gives an appeal from orders in term time granting an injunction, and the right to an appeal cannot be defeated by the act of the clerk in copying the order into a minute book, instead of into what he regarded as the regular book for the entry of such orders. Nor can the right of appeal be defeated by the failure or delay of the clerk in copying such order into the records of the court, as held in Schlesinger v. Allen, 69 Ill. App. 137, and Smith v. Nelson, 131 Ill. App. 145. This order was made on April 8, 1908. The supplemental record filed here shows that on that day the city court was duly in session holding the March term and trying a cause by jury. There is nothing to show that this order was not made between the hour of convening and the hour of adjourning of court on that day. The point urged by appellee that appellant should have moved to dissolve the injunction is decided contrary to that contention in Henderson v. Flanagan, 75 Ill. App. 283. The motion to dismiss the appeal is denied.

The meritorious question is whether the allegations of the bill justified the injunction against appellant. The record shows that before this appeal was perfected by filing the bond with the clerk, the Rittenhouse & Embree Company had demurred to the bill of complaint and that demurrer had been sustained and as to that company the injunction had been dissolved and the bill dismissed and Meredith had prayed an appeal to this court, which his counsel say will be before this court at the next term. We therefore consider it our duty to refrain as far as possible from discussing the equities of the case as between Meredith and the defendants other than appellant. The

Second District—August, 1908.     479

Meredith v. Aurora, Elgin & Chicago R. R. Co., 142 App. 475.

bill alleges that one S. W. Jacobs, who is not made a party to this suit, purchased certain railroad iron of the Rittenhouse & Embree Company; that appellee guaranteed that Jacobs would pay therefor; that the Rittenhouse & Embree Company shipped and delivered said railroad iron to the Illinois & Fox River Central Railway Company, at Yorkville, in Kendall county, by direction of Jacobs, but that said last mentioned company never owned said railroad iron; that Jacobs transferred said railroad iron to appellee because of his guaranty of the purchase price; that appellee afterwards gave the Rittenhouse & Embree Company his judgment note for the purchase price of said railroad iron; that said Rittenhouse & Embree Company entered judgment by confession against appellee upon said judgment note in Kane county and thereby acquired a lien upon real estate owned by appellee in Kane county worth far more than the amount of said judgment; that afterwards the Rittenhouse & Embree Company sued the Illinois & Fox River Central Railway Company in the Municipal Court of Chicago for the purchase price of said iron and recovered a judgment against it therefor and sued out an execution to the sheriff of Kendall county and levied the same upon said railroad iron, so acquired by appellee from Jacobs, and also upon other railroad iron in Kendall county owned by appellee; that the sheriff advertised all said iron for sale on said execution, and sold the same at sheriff's sale to the Rittenhouse & Embree Company; that afterwards the Rittenhouse & Embree Company, by some arrangement between it and appellant, the nature of which is unknown to appellee, transferred said railroad iron, or a large part thereof, to appellant, and appellant had removed about 5,000 iron ties from Yorkville to the city of Aurora and had possession of the same; and that when said railroad iron was transferred to appellant the latter knew that it belonged to appellee. The bill asked an accounting between appellee

and the Rittenhouse & Embree Company of the amount due on said judgment and of the amount of damages that appellee had sustained by the wrongful sale of his property, and offered to pay whatever might be due the Rittenhouse & Embree Company after deducting such damages. There was no prayer for any relief against appellant other than the injunction, except the general prayer for other and further relief. The prayer for an accounting between appellee and the Rittenhouse & Embree Company appeared to expect that appellee should be allowed damages against the Rittenhouse & Embree Company for selling appellee's property to appellant. It is not charged that appellant was connected with any of the transactions between appellee and the other two defendants. It is not charged that appellant conspired with the other defendants to defraud appellee or did any unlawful act. The language of the bill is that the Rittenhouse & Embree Company "transferred" this railroad iron to appellant, and it must be assumed against the pleader that this was a sale, and appellee's brief calls it a sale by the Rittenhouse & Embree Company to appellant. It must be assumed that appellant paid full value therefor. The only allegations against appellant in this bill are that by virtue of the various dealings set up in the bill, appellee became the owner of this railroad iron, and that after the Rittenhouse & Embree Company became invested with the apparent title thereto by virtue of the sheriff's sale, appellant bought said railroad iron or a part of it from the Rittenhouse & Embree Company with knowledge that appellee was the true owner.

We are of opinion that appellee had several complete remedies at law as against appellant. The only case stated against appellant in the bill is that it bought this railroad iron from another party when it knew that appellee owned it. Under chapter 140a of the Revised Statutes relating to the trial of the right of property, appellee without giving any bond could

have served a notice in writing upon the sheriff of Kendall county that the property upon which said sheriff had levied said execution against the Illinois & Fox River Central Railway Company was his property, instead of the property of the defendant in execution, and that he intended to prosecute his claim. Thereupon he would have obtained a trial of the right of property in the County Court, and if he proved that it was his property he would have had a judgment for the possession thereof. This would have been an adequate and complete remedy, so far as the title and possession of this property is concerned. He could have brought an action of replevin against the sheriff and thereby obtained possession of the property, and a judgment that he was the owner thereof, upon proving the case stated in the bill. Thompson v. Vernay, 106 Ill. App. 182. He could have brought an action against the sheriff in trespass for levying upon property not subject to the execution. We see no reason why under the facts stated in 'the bill he could not have brought an action of replevin against the Rittenhouse & Embree Company, after it bought the property at sheriff's sale, nor why he could not have brought an action of replevin against appellant after it purchased the property from the Rittenhouse & Embree Company. Other legal remedies seem to us to be within reach of appellee, if he is the real owner of this property, and if appellant acquired the possession thereof from the Rittenhouse & Embree Company with actual knowledge that appellee was the owner thereof. It is familiar law that a party who has a complete remedy at law will not be permitted to resort to a court of equity for the relief which a court of law could give him. We are therefore of opinion that it was error to award this injunction against appellant.

The order is therefore reversed.

*Reversed.*